## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CARLOS QUIÑONES-COLÓN; ET AL.,

      Plaintiffs,

        v.                             CIVIL NO. 25-1425 (PAD)

SIG SAUER, INC.; ET AL.,

      Defendant.

## MEMORANDUM AND ORDER

Puerto Rico Police Officer Carlos Quiñones-Colón ("Quiñones") and his consensual partner, Grisel Rivera Cruz ("Rivera"), sued SIG Sauer, Inc. ("SIG"), alleging that Quiñones' 9mm caliber SIG Sauer P320 service pistol manufactured by SIG discharged itself due to a factory defect and wounded him, causing plaintiffs damages (Docket No. 1, pp. 3-6).[1] Before the court is SIG's Motion for Summary Judgment (Docket Nos. 8-10) which plaintiffs opposed (Docket Nos. 15-16). SIG replied (Docket Nos. 19-20) and plaintiffs sur-replied (Docket No. 24). For the reasons explained below, the motion must be granted and the case dismissed as time barred.

### I.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the initial responsibility" of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor

---

[1] Plaintiffs also included "Insurance Company X" as a defendant whose identity is presently unknown. See, Docket No. 1, p. 3; ¶ 13.

of either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  It is "material" if it

potentially affects the outcome of the case in light of applicable law.  Calero-Cerezo v. U.S. Dep't

of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant "need do no

more than aver" absence of evidence to support the nonmoving party's case.  Mottolo v. Fireman's

Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995).  All "reasonable factual inferences" must be

drawn in favor of the party against whom summary judgment is sought while ignoring conclusory

allegations and unsupported speculation.  Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir.

2013).  Based on these parameters, a thorough review of the record shows no genuine factual

dispute as to the facts identified in the section that follows.

## II.    UNCONTESTED MATERIAL FACTS

On November 10, 2023, Quiñones was injured when his Puerto Rico Police Department

("PRPD"))-issued Sig Sauer P320 pistol ("P320") discharged without the trigger being pulled,

injuring his left leg.  See, "SIG's Statement of Uncontested Material Facts" ("SUMF") (Docket

No. 9) and "Plaintiffs' Opposing Statement of Uncontested Material Facts" ("OSUMF") (Docket

No. 16), ¶ 1.  Immediately after the discharge, several PRPD officers rushed to Quiñones' aid,

applied a tourniquet to his leg, and transported him to the hospital.  See, SUMF & OSUMF (Docket

Nos. 9 & 16), ¶ 2.  On that same day, the PRPD "seized" the pistol.  See, SUMF & OSUMF

(Docket Nos. 9 & 16), ¶ 3.

As of that date (November 10, 2023), plaintiffs knew of Quiñones' injury and the fact that

it was caused by his SIG Sauer P320 pistol.  See, SUMF & OSUMF (Docket Nos. 9 & 16), ¶¶ 2

& 4.  Moreover, they knew that the pistol was manufactured by SIG.  Id.  The instant lawsuit,

however, was not filed until August 8, 2025.  See, SUMF & OSUMF (Docket Nos. 9 & 16), ¶¶

10-11.

## III.    DISCUSSION

The issue raised by SIG's motion for summary judgment is simple: is this case time barred?

See, generally, Docket No. 10, pp. 4-8.  Plaintiffs assert claims under the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301, et seq. ("MMWA"), and Articles 1542, 1543, and 1544 of the

Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, §§ 10807-10809.  See, Docket No. 1, pp.

1 & 6.  Given that the MMWA does not contain a statute of limitations, courts look to state law.

See, Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208, 210 (4th Cir. 2018)(applying

state's statute of limitations to action under MMWA).[2]

Following this path, the controlling statute of limitations is found in Puerto Rico's one-year

period applicable to tort claims.  See, P.R. Laws Ann. tit. 31, § 9496(a).[3]  Along this line, it is

undisputed that the discharge of Quiñones' SIG pistol and his resulting gunshot wound occurred

on November 10, 2023.  So, the statute of limitations would have expired on November 9, 2024;

and this case, filed on August 8, 2025, would be time barred.

---

[2] See also, Grover v. BMW of N. Am., LLC, 434 F.Supp.3d 617, 630 (N.D. Ohio 2020)(holding that because the MMWA contains no statute of limitations "the statute of limitations controlling the cause of action or mandated by the forum state must be utilized"); Stockley v. Nissan of N. Am., Inc., 701 F.Supp.3d 682, 715 (M.D. Tenn. 2023)(agreeing with Grover); Hrycay v. Monaco Coach Corp., 2008 WL 638235, *4 (E.D. Pa. March 7, 2008)(observing that inasmuch as the MMWA does not contain a statute of limitations, courts borrow the most closely analogous state statute of limitations).

[3] The 4-year statute of limitations for "civil actions arising under an Act of Congress" set in 28 U.S.C. § 1658 is inapplicable here because, as the Supreme Court held in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371 (2004), § 1658 applies only to "actions arising under federal statutes enacted after December 1, 1990." And the federal statute that plaintiffs invoke is 15 U.S.C. § 2310(d), which was enacted in 1975 alongside the rest of the MMWA. See, Pub. L. No. 93-637, § 110, 88 Stat. 2183, 2189–2192 (1975).  Hence, the court must apply the "the local time limitation most analogous to the case at hand."  Piper v. Ford Motor Co., 705 F.Supp.3d 575, 580 (E.D. Va. 2023)(explaining relationship between § 1658 and the MMWA).

Normally, "the burden of a statute-of-limitations defense lies with the defendant." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 23 (1st Cir. 2024). But that normal burden allocation goes out the window and shifts to the plaintiffs when they sue more than one year after the date of the injury. Id. For this case to survive, then, plaintiffs must show (at least to the extent of demonstrating a genuine issue of material fact), that the statute of limitations of their claims accrued on or after August 8, 2024, or, alternatively, that the term was somehow tolled.

### A. Accrual

The statute of limitation begins to run at the time the aggrieved person had "knowledge" of the injury and of the likely identity of the tortfeasor. Id. at 22. Such knowledge can come in one of two forms: actual knowledge and deemed knowledge. Id. Actual knowledge occurs "when a plaintiff is aware of all the necessary facts and the existence of a likelihood of a legal cause of action." Alejandro-Ortíz v. P.R. Elec. Power Auth., 756 F.3d 23, 27 (1st Cir. 2014). In deemed knowledge, the plaintiff, while not having actual knowledge, is deemed to be on notice of his cause of action if he is aware of certain facts that, with the exercise of due diligence, should lead him to acquire actual knowledge of the cause of action. Id. This calls for an objective inquiry. Id.

Plaintiffs argue that they did not have actual or deemed knowledge until, at the earliest, July 2025 (Docket Nos 15, p. 10; 24, p. 5). To that effect, they present a statement under penalty of perjury ("Statement") by Quiñones in which he claims to have had doubts about the cause of his SIG pistol's discharge.

> Initially, while convalescing from my injuries I started to ponder on what could have caused the discharge, since an inadvertent or unintentional discharge can be caused by several reasons: human error and/or improper handling, improper storage, environmental factors, and/or mechanical reasons.

See, Docket No. 16-1, p. 2; ¶ 4.  Those doubts, he avers, "persisted" and he "cannot assess with certainty if it was [the] PTSD condition or legitimate doubt."  Id., p. 2, ¶ 6.  It was not until July 2025, when an unspecified expert report was "passed" to him, and Immigrations and Customs Enforcement ("ICE") as well as U.S. Global Strike Command banned the use of the SIG P320 pistol, that he became "convinced" that he had a "legitimate cause of action against" SIG.  Id.  The explanation is unavailing.

In Alejandro-Ortíz, 756 F.3d at 28, the First Circuit made it clear that "a plaintiff's perception of the probability of legal liability does not bear upon the knowledge inquiry."  That is, the First Circuit rejected the view that the statute of limitations begins running only once the plaintiff is confident that she has a "case worth pursuing."  Id. (quoting González–Pérez v. Hospital Interamericano de Medicina Avanzada (HIMA), 355 F.3d 1, 4 (1st Cir. 2004)).  The correct standard is simple: "a claim accrues, and the statute of limitations begins running, once the plaintiff learns of the injury and the identity of the tortfeasor . . . [n]o other elements are required."  Alejandro-Ortíz, 756 F.3d at 28.  And in this case, it is undisputable that as of November 10, 2023, plaintiffs were aware of Quiñones' injury (a gunshot) and that the author of that injury was the P320 pistol which was manufactured by SIG.

Plaintiffs protest that they did not know as of November 10, 2023, whether SIG was the tortfeasor.  See, e.g., Docket No. 24, pp. 4-5.[4]  Even if one were to assume, *arguendo*, that plaintiffs had no actual knowledge, the uncontroverted material facts show that they had deemed knowledge.  This, because as early as November 10, 2023, they were "aware of certain facts that, with the

---

[4] Plaintiffs also assert that SIG is invoking the abrogated *res ipsa loquitur* doctrine.  See, Docket Nos. 16, pp. 5-6; 24, pp. 4-5.  However, SIG's motion for summary judgment does not mention and much less invokes that doctrine.  Regardless, it seems that plaintiffs' *res ipsa loquitur* arguments were a clumsy analogy for contending that the facts known to them on November 10, 2023, were insufficient to conclude that SIG was the tortfeasor in this case, with the

exercise of due diligence," should have led them "to acquire actual knowledge of [their] cause of action."  Hamdallah, 91 F.4th at 22.  Simply knowing that his SIG P320 pistol discharged without the trigger being pulled and shot him in the leg was enough for Quiñones (and by extension Rivera) to have exercised due diligence and inquire further.

Still, in the Statement, other than stating that he had doubts as to the cause of the discharge, Quiñones does not describe any sort of proactive action that may be described as diligence – let alone "reasonable diligence."  That poses a problem, for plaintiffs must "promptly assert their rights" and make "active efforts to seek answers and clarify doubts," instead of merely waiting "for answers to fall from the sky [. . .] when faced with facts that create a reasonable basis for concern about negligence."  Morales Cruz v. Hosp. Menonita Caguas, Inc., 2023 WL 3305100, *5 (D.P.R. May 5, 2023)(quoting Est. of Alicano Ayala v. Philip Morris, Inc., 263 F.Supp.2d 311, 317 (D.P.R. 2003).  Yet, that is what plaintiffs in effect did.[5]

Reasonable diligence "is usually a jury question" but only "so long as the outcome is within the range where reasonable men and women can differ."  Villarini-García v. Hosp. del Maestro, 8 F.3d 81, 86-87 (1st Cir. 1993).  All the same, that is not the case here.  The record lacks evidence of diligence.  It is so one-sided as to compel entry of summary judgment.  See, Hamdallah, 91 F.4th at 22 (explaining that reasonable diligence is not necessarily a question for the jury because the court may determine that the evidence of record is so one-sided as to compel a finding that the plaintiff was aware of enough facts to constitute notice and to satisfy the deemed knowledge rule). With this in mind, the one-year limitations period started running on November 10, 2023, and

---

[5] Exercising enough reasonable diligence would not have been hard.  This is emphasized in the complaint itself, where plaintiffs allege that "[s]ince 2018, Sig Sauer has been sued dozens of times by civilians and members of law enforcement who were shot by their own P320s" (Id., p. 16; ¶ 81) and provide seven pages' worth of incidents that pre-dated November 10, 2023.  See, e.g., Docket No. 1, pp. 23-30; ¶¶ 122-173.

expired on November 9, 2024.  From this formulation, the filing of the case on August 8, 2025, was untimely, and by extension, time barred unless plaintiffs can demonstrate some sort of tolling.[6]

### B.  Tolling

To that end, plaintiffs direct the court's attention to an equitable exception to both modalities of the knowledge requirement in Puerto Rico.  On this account, the statute of limitations is tolled when the defendant, by way of assurances and representations, "persuades the plaintiff" to refrain from filing suit, or otherwise "conceals" from the plaintiff the facts necessary for him to acquire knowledge to follow up with a timely claim.  Alejandro-Ortíz, 756 F.3d at 27.  Plaintiffs invoke this exception, relying on an undated and unauthenticated advertisement in which SIG highlighted the safety of the P320 (Docket No. 16-7) and a screenshot of SIG's website for the P320 voluntary upgrade program (Docket No. 16-8).  See, Docket No. 15, p. 9.  That will not do.

The exception only benefits diligent plaintiffs who reasonably rely on the tortfeasor's representations.  See, Rodríguez-Suris v. Montesinos, 123 F.3d 10, 16 (1st Cir. 1997)(so holding); In re Est. of Molina-Vélez v. R.J. Reynolds Tobacco Co., 286 F.Supp.2d 185, 188 (D.P.R. 2003) (tolling exception only applies when plaintiff can demonstrate that he or she has complied with the diligence standard and that plaintiff's suspicions were assuaged by the person who caused the injury).  However, as previously discussed, plaintiffs do not satisfy the diligence standard.  And

---

[6] In their OSUMF (Docket No. 16), plaintiffs hint at arguing that the injuries for which they seek compensation are continuing.  See, e.g., OSUMF (Docket No. 16), p. 7; ¶ 8 ("These injuries are either permanent or continuing in their nature, and Carlos will keep suffering such losses and/or impairments in the future").  But that implicit argument is not developed and is thus waived.  Sepúlveda-Vega v. Comm'r of Soc. Sec., 2024 WL 3325331, *9 (D.P.R. July 3, 2024)("It is a well-settled rule that insufficiently developed arguments are deemed waived").  Either way, it would have failed because continuing damages cases are still subject to the general rule that after a plaintiff knows of his injury, he cannot "wait for his injury to reach its final degree of development and postpone the running of the period of limitation according to his subjective appraisal and judgment."  Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 19 (1st Cir. 2000).

they have not come remotely close to demonstrating how they relied on the advertisement and the

website to benefit from the exception.  Therefore, the equitable tolling argument fails.

**IV.     CONCLUSION**

For the reasons stated, SIG's "Motion for Summary Judgment" (Docket Nos. 8-10) is

GRANTED, and the case, DISMISSED.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December 2025.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
